JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-1170 AG (MLGx)** | Date | September 13, 2010 |
|---|---|---|---|
| Title | AURORA LOAN SERVICES, LLC, ETC. v. SANDRO KLEIN, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff Aurora Loan Services ("Plaintiff") filed this case in state court for unlawful detainer. Defendant Sandro Klien ("Defendant") then filed a Notice of Removal, which removed this case from state to federal court. Plaintiff then filed a Motion to Remand the case to state court ("Motion"). For the reasons that follow, the Court GRANTS Plaintiff's Motion and REMANDS the case to state court.

## **PRELIMINARY MATTERS**

In support of its Motion, Plaintiff requests that the Court take judicial notice of two documents: (1) a Trustee's Deed Upon Sale, recorded in the Orange County Recorder's Office on May 27, 2010; and (2) the Complaint for Unlawful Detainer, filed in the Superior Court of California on June 10, 2010.

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1170 AG (MLGx)** | Date | September 13, 2010 |
|---|---|---|---|
| Title | AURORA LOAN SERVICES, LLC, ETC. v. SANDRO KLEIN, et al. | | |

Court finds that the documents Plaintiff provides meet the requirements of Rule 201, and Plaintiff's request for judicial notice is GRANTED as to those two documents.

## ANALYSIS

Defendant did not file an opposition to Plaintiff's Motion. Under Local Rule 7-12, the failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion. Therefore, the Court may treat Defendant's failure to file an opposition as consent to the granting of Plaintiff's Motion. But in the interests of justice and judicial efficiency, the Court reviewed all papers and arguments submitted.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Defendant's Notice of Removal argues that federal jurisdiction is proper. But a review of the Complaint makes clear that Defendant's argument fails. The Complaint does not rely on any federal law, and Defendant has not demonstrated a basis for federal jurisdiction. *See* 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts.").

Defendant's sole basis for removal is that "[Plaintiff], and its related entities, were purchased, in part by the United States Department of Treasury ("USDT") and the Federal Deposit Insurance Corporation ("FDIC")." (Notice of Removal, ¶ 5.) Specifically, Defendant alleges that on or about May 1, 2009, the FDIC purchased $478,170,000 of Plaintiff's stock. Thus, Defendant argues that due to the purchase by the FDIC of a portion of Plaintiff's stock, the Court has original jurisdiction under 12 U.S.C. § 1819 (b)(2)(A). 12 U.S.C. § 1819 (b)(2)(A) (stating that civil suits to which the FDIC is a party arise under the laws under the United States).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1170 AG (MLGx)** | Date | September 13, 2010 |
|---|---|---|---|
| Title | AURORA LOAN SERVICES, LLC, ETC. v. SANDRO KLEIN, et al. | | |

Defendant provides no proper evidence that either the USDT or FDIC is a party in the current action.  First, Defendant provides no proper evidentiary support with his Notice of Removal for the allegation that the FDIC purchased a portion of Plaintiff's stock.  In addition, even if Defendant's allegation is correct, Defendant has not sufficiently demonstrated why this makes the FDIC an "indispensible [sic] real party in interest." (Notice of Removal ¶ 5.)  Aurora therefore remains the sole Plaintiff in the case, and no federal question exists that gives the Court jurisdiction over the matter.

In unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property."  *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay.

**DISPOSITION**

Defendant fails to establish that federal jurisdiction exists over this case.  Thus, the Motion is GRANTED, and the case is REMANDED to the appropriate state court. Further, Defendant and his counsel are ORDERED TO SHOW CAUSE in writing by Monday, September 27, 2010, why sanctions should not be imposed for the improper removal.  A hearing is set for this matter for Monday, October 18, 2010 at 10:00 a.m.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1170 AG (MLGx)** | Date | September 13, 2010 |
|---|---|---|---|
| Title | AURORA LOAN SERVICES, LLC, ETC. v. SANDRO KLEIN, et al. | | |